# Exhibit "B"

## CAUSE NO. DC-16-12668

| | | |
|---|---|---|
| **DANIELLE A. BURNS** | § | **IN THE DISCTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JOHN CARROL BISHOP, CAL-ARK** | § | |
| **INTERNATIONAL, INC., and** | § | |
| **ARKANSAS EQUIPMENT LEASING,** | § | |
| **INC.,** | § | |
| *Defendants.* | § | **298th JUDICIAL DISTRICT** |

## INDEX OF STATE COURT FILE

| TAB | FILED | DOCUMENT |
|---|---|---|
| **B.** | | State Court File |
| **1.** | N/A | Court's Docket Sheet |
| **2.** | 09/26/2016 | Plaintiff's Original Petition |
| **3.** | 09/26/2016 | Case Filing Cover Sheet |
| **4.** | 09/28/2016 | Citation for John Carrol Bishop |
| **5.** | 09/28/2016 | Citation for Cal-Ark International, Inc. |
| **6.** | 09/28/2016 | Citation for Arkansas Equipment Leasing, Inc. |
| **7.** | 10/17/2016 | Defendants Cal-Ark International, Inc. and Arkansas Equipment Leasing, Inc.'s Original Answer and Requests for Disclosure |
| **8.** | 10/17/2016 | Defendants' Request for Jury Trial |
| **9.** | 11/02/2016 | Defendant John Carrol Bishop's Original Answer and Requests for Disclosure |

**1**

**2**

FILED
DALLAS COUNTY
9/26/2016 1:38:46 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

Cause No. DC-16-12668



| | | |
|---|---|---|
| DANIELLE A. BURNS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| JOHN CARROL BISHOP, | § | |
| CAL-ARK INTERNATIONAL, INC., and | § | |
| ARKANSAS EQUIPMENT LEASING INC., | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DANIELLE A. BURNS, Plaintiff in the above-captioned cause of action, and files Plaintiff's Original Petition and Request for Disclosure, complaining of JOHN C. BISHOP ("Defendant Bishop"), CAL-ARK INTERNATIONAL, INC., ("Defendant Cal-Ark") and ARKANSAS EQUIPMENT LEASING INC., ("Defendant Arkansas") (hereinafter referred to as "Defendants"), and for her causes of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.    Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff designates this cause as Level 2.

2.    Pursuant to §30.014 of Texas Civil Practice and Remedies Code, Plaintiff Danielle A. Burns is an individual with the following identifying numbers: TXDL (xxxxx777) and SSN (xxx-xx-x784).

3.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff's counsel respectfully asserts that the Plaintiff seeks monetary relief over $200,000 and no more than $1,000,000. At this time, no discovery has been conducted and Plaintiff's assertion is made upon knowledge and belief. Plaintiff implicitly trusts the judgement of the good and fair jury as the representatives of our community. Ultimately, Plaintiff will ask a jury of her peers to assess a fair and reasonable amount of money damages as compensation for her injuries.

## II.
## PARTY DEFENDANTS

4.      Defendant JOHN C. BISHOP (DOB: 06/27/1xxx; SSN: 432-49-XXXX)  is an individual residing in Jackson County, Arkansas who may be served with process at his residence of 105 Dandridge St., Tuckerman, AR 72473, or wherever he may be found.

5.      Defendant CAL-ARK INTERNATIONAL, INC., is a corporation transacting business in Texas and service may be made to Registered Agent Juan Vigil at 14215 Transportation Avenue, Laredo, TX 78040 or wherever he may be found.

6.      Defendant ARKANSAS EQUIPMENT LEASING, INC., is a domestic corporation transacting business in Texas and service may be made to Registered Agent Thomas W. Bartholomew at 12024 Highway I-30, Mabelvale, AR 72103 or wherever he may be found.

## III.
## JURISDICTION and VENUE

7.      Venue is proper in Dallas County pursuant to §15.002(a)(1) of the Texas Civil Practice and Remedies Code.

8.      Subject matter jurisdiction of this cause rests with this Honorable Court as the amount in controversy exceeds its minimum jurisdictional requirements. *In personam* jurisdiction is satisfied as Defendants have minimum contacts with the great State of Texas and this suit is borne out of said minimum contacts, such that this Court's exercise of personal jurisdiction over Defendants are consistent with all applicable statutory requirements and constitutional guarantees.

## IV.
## BACKGROUND FACTS

9.      On or about December 20, 2014, Plaintiff was traveling on Interstate Highway 30 in the far right lane at the 4500 approaching Galloway in Mesquite, Texas.  Defendant Bishop was driving an International truck, towing a trailer compartment traveling in the same lane behind Plaintiff vehicle.  When traffic came to a stop, Defendant Bishop was following too closely and failed to come to a stop in time to avoid crashing into the back of Plaintiff's vehicle. The force of the impact from Defendant's truck pushed Plaintiff's vehicle forward, causing

Plaintiff's vehicle to become lodged underneath the vehicle ahead. Plaintiff suffered injuries and damages as a result of the collision.

10.    Upon information and belief, Defendant Bishop was in the course and scope of employment at the time of the collision made the basis of this lawsuit.  Defendant Arkansas is the owner of the truck cab and Defendant Cal-Ark is the owner of the truck trailer.

## V.
## NEGLIGENCE - DEFENDANT BISHOP

11.    Plaintiff would show that at the time of the incident in question, and immediately prior thereto, Defendant Bishop, through negligent acts and/or omissions, caused injury and damage to Plaintiff.  One or more of the following acts or omissions of Defendant Bishop constitutes negligence and was a proximate cause of the incident made the basis of this lawsuit:

a.    Defendant Bishop failed to make application, or timely application of the brakes on the vehicle he was operating prior to the incident in question, as a reasonably prudent person would have done under the same or similar circumstances;

b.    Defendant Bishop  drove his vehicle at a rate of speed greater than that which an ordinary prudent person would have driven under the same or similar circumstances;

c.    Defendant Bishop  failed to maintain a proper lookout, contrary to what a reasonably prudent person would have done under the same or similar circumstances; and

d.    Defendant Bishop failed to maintain an assured clear distance between his vehicle and Plaintiff's vehicle in violation of the Texas Transportation Code §545.062, and contrary to what a reasonably prudent person would have done under the same or similar circumstances.

## VI.
## NEGLIGENCE PER SE - DEFENDANT BISHOP

12.    Defendant Bishop was negligent per se by driving at a speed greater than is reasonable and prudent under the circumstances then existing, and by failing to control his speed so as to avoid colliding with pedestrians or other vehicles, in violation of Texas Transportation Code §545.351(a)(b), which states:

(a)    An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b)    An operator:

    (1)    may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

    (2)    shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

13.    Defendant Bishop was negligent per se because he failed to leave sufficient space between his vehicle and the vehicle in front of him so that he could safely stop without colliding with Plaintiffs' vehicle in violation of Texas Transportation Code §545.062(a).

(a)    An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

14.    Defendant Bishop's operation of a motor vehicle in direct violation of §545.062(a) and §545.351(a)(b) of the Texas Transportation Code and the resulting accident constitutes Negligence Per Se, as it pertains to Texas law and Defendant Bishop is without excuse. That "unexcused failure to comply with this law is negligence in itself."

## VII.
## NEGLIGENT ENTRUSTMENT
## DEFENDANT CAL-ARK AND DEFENDANT ARKANSAS

15.    In addition to the causes of action pleaded above, which are incorporated herein by reference for all purposes, Plaintiff would show that Defendants Cal-Ark and Defendant Arkansas are also liable for Plaintiff's damages, under the theory of negligent entrustment under the laws of the State of Texas, to wit:

a.   Defendants Cal-Ark and Defendant Arkansas entrusted their vehicles to Defendant Bishop;

b.   Defendant Bishop was an unlicensed, reckless or incompetent driver;

c.   Defendants Cal-Ark and Defendant Arkansas knew, or should have known, that Defendant Bishop was an unlicensed, reckless or incompetent driver.

d.   Defendant Bishop's negligence proximately caused Plaintiff's injury and damages. *Goodyear Tire & Rubber Co. V. Mayes,* 236 S. W. 3d 754 (Tex. 2007).

## VIII.
## RESPONDEAT SUPERIOR -
## DEFENDANT CAL-ARK AND DEFENDANT ARKANSAS

16.   The Doctrine of Respondeat Superior dictates that the negligent actions and omissions of an individual, conducted while within the course and scope of that individual's employment, agency and/or other relationship, are thus negligent actions and omissions that can be imputed upon that individual's employer.  Upon information and belief, Defendant Bishop was an employee of Defendant Cal-Ark and Defendant Arkansas at the time of the collision, made the basis of this lawsuit.  Defendant Bishop was operating his vehicle with the permission of Defendant Cal-Ark and Defendant Arkansas and in the scope of his employment.  Defendant Bishop was acting with authority expressly or impliedly granted to him by Defendant Cal-Ark and Defendant Arkansas.

17.   At all times material hereto there existed an agency by estoppel relationship between Defendant Driver Bishop and Defendants Cal-Ark and Arkansas, as a result of which Defendants are estopped to deny said agency relationship.  Therefore, Defendants Cal-Ark and Arkansas are responsible for the actions/inactions of its agents and employees under the doctrine of Respondeat Superior and/or ostensible agency in that its drivers were acting as agents, and/or employees of the organization.

Plaintiff would show that Defendant Cal-Ark and Defendant Arkansas was also negligent in the following respects:

    a)    Negligent hiring, retention and qualification of Defendant Bishop;

    b)    Negligent training of Defendant Bishop;

    c)    Negligent supervision of Defendant Bishop; and

    d)    Failing to adhere to the Federal Motor Carrier Safety Regulations with regard to the driver certification, supervision, vehicle maintenance, and vehicle inspection.

## IX.
## DAMAGES

18.    Plaintiff has sustained the following damages as a result of Defendants' negligent acts and/or omissions:

a.    Physical pain and mental anguish sustained in the past;

b.    Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

c.    Loss of earning capacity sustained in the past;

d.    Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

e.    Disfigurement sustained in the past for Plaintiff;

f.    Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

g.    Physical impairment sustained in the past for Plaintiff;

h.    Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

i.    Medical care expenses incurred in the past for Plaintiff; and

j.    Medical care expenses that, in reasonable probability, Plaintiff will incur in the future.

## X.
## RULE 193.7 NOTICE

19.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendants that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records and discovery responses) during the trial of this matter.

## XI.
## REQUEST FOR DISCLOSURE

20.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you the Defendants are requested to disclose within 50 days of service of this request, the information or material described in Rule 194.2 (a-l).

## XII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Plaintiff recovers from Defendants:  Plaintiff's actual damages, as set forth above, and in an amount in excess of the minimum jurisdictional limits of this Honorable Court; punitive damages, pre-judgment interest at the highest rate allowed by law; post-judgment interest at the highest rate allowed by law; costs of this Honorable Court; and such other and further relief, at law or in equity, to which Plaintiffs may show himself to be justly entitled.

Respectfully submitted,

By: _____
   Joshua A. Cohen
   State Bar No.: 24062671
   josh@frenkelfirm.com

   FRENKEL & FRENKEL, L.L.P.
   12700 Park Central Drive, Suite 1900
   Dallas, Texas 75251-1508
   (214) 333-3333 (phone)
   (214) 265-9360 (telecopier)

   COUNSEL FOR PLAINTIFF

TO DEFENDANTS ONLY:         This is a legal document which is extremely time
                            sensitive. You should <u>IMMEDIATELY</u> forward
                            a copy of this document to your insurance agent
                            or representative to secure coverage.

**3**

FILED
DALLAS COUNTY
9/26/2016 1:38:46 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

## CIVIL CASE INFORMATION SHEET (Rev. 2/13)

DC-16-12668

CAUSE NUMBER *(FOR CLERK USE ONLY):*

COURT *(FOR CLERK USE ONLY):*

STYLED DANIELLE A. BURNS v. JOHN CARROL BISHOP, CAL-ARK INTERNATIONAL, INC. AND ARKANSAS EQUIPMENT LEASING, INC.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

**Name:** Joshua Cohen
Frenkel & Frenkel LLP

**Address:** 12700 Park Central Drive #1900

**City/State/Zip:** Dallas, TX 75251

**Signature:**

**Email:** sherian @frenkelfirm.com

**Telephone:** (214) 333-3333

**Fax:** (214) 265-9360

**State Bar No:** 24062671

### Names of parties in case:

**Plaintiff(s)/Petitioner(s):**
DANIELLE A. BURNS

**Defendant(s)/Respondent(s):**
JOHN CARROL BISHOP
CAL-ARK INT'L , INC.
ARKANSAS EQUIPMENT LEASING, INC.

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:

[X] Attorney for Plaintiff/Petitioner
[ ] Pro Se Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other:

**Additional Parties in Child Support Case:**

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

#### Civil

**Contract**

*Debt/Contract*
[ ] Consumer/DTPA
[ ] Debt/Contract
[ ] Fraud/Misrepresentation
[ ] Other Debt/Contract:

*Foreclosure*
[ ] Home Equity—Expedited
[ ] Other Foreclosure
[ ] Franchise
[ ] Insurance
[ ] Landlord/Tenant
[ ] Non-Competition
[ ] Partnership
[ ] Other Contract:

**Injury or Damage**
[ ] Assault/Battery
[ ] Construction
[ ] Defamation
*Malpractice*
[ ] Accounting
[ ] Legal
[ ] Medical
[ ] Other Professional Liability:
[X] Motor Vehicle Accident
[ ] Premises
*Product Liability*
[ ] Asbestos/Silica
[ ] Other Product Liability List Product:
[ ] Other Injury or Damage:

**Real Property**
[ ] Eminent Domain/ Condemnation
[ ] Partition
[ ] Quiet Title
[ ] Trespass to Try Title
[ ] Other Property:

**Related to Criminal Matters**
[ ] Expunction
[ ] Judgment Nisi
[ ] Non-Disclosure
[ ] Seizure/Forfeiture
[ ] Writ of Habeas Corpus— Pre-indictment
[ ] Other:

**Employment**
[ ] Discrimination
[ ] Retaliation
[ ] Termination
[ ] Workers' Compensation
[ ] Other Employment:

**Other Civil**
[ ] Administrative Appeal
[ ] Antitrust/Unfair Competition
[ ] Code Violations
[ ] Foreign Judgment
[ ] Intellectual Property
[ ] Lawyer Discipline
[ ] Perpetuate Testimony
[ ] Securities/Stock
[ ] Tortious Interference
[ ] Other:

#### Family Law

**Marriage Relationship**
[ ] Annulment
[ ] Declare Marriage Void
*Divorce*
[ ] With Children
[ ] No Children

**Other Family Law**
[ ] Enforce Foreign Judgment
[ ] Habeas Corpus
[ ] Name Change
[ ] Protective Order
[ ] Removal of Disabilities of Minority
[ ] Other:

**Post-judgment Actions (non-Title IV-D)**
[ ] Enforcement
[ ] Modification—Custody
[ ] Modification—Other

**Title IV-D**
[ ] Enforcement/Modification
[ ] Paternity
[ ] Reciprocals (UIFSA)
[ ] Support Order

**Parent-Child Relationship**
[ ] Adoption/Adoption with Termination
[ ] Child Protection
[ ] Child Support
[ ] Custody or Visitation
[ ] Gestational Parenting
[ ] Grandparent Access
[ ] Parentage/Paternity
[ ] Termination of Parental Rights
[ ] Other Parent-Child:

**Tax**
[ ] Tax Appraisal
[ ] Tax Delinquency
[ ] Other Tax

#### Probate & Mental Health

*Probate/Wills/Intestate Administration*
[ ] Dependent Administration
[ ] Independent Administration
[ ] Other Estate Proceedings

[ ] Guardianship—Adult
[ ] Guardianship—Minor
[ ] Mental Health
[ ] Other:

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

[ ] Appeal from Municipal or Justice Court
[ ] Arbitration-related
[ ] Attachment
[ ] Bill of Review
[ ] Certiorari
[ ] Class Action
[ ] Declaratory Judgment
[ ] Garnishment
[ ] Interpleader
[ ] License
[ ] Mandamus
[ ] Post-judgment
[ ] Prejudgment Remedy
[ ] Protective Order
[ ] Receiver
[ ] Sequestration
[ ] Temporary Restraining Order/Injunction
[ ] Turnover

### 4. Indicate damages sought (do not select if it is a family law case):

[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, 000 but not more than $200,000
[X] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

**4**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **JOHN CARROL BISHOP**
      **105 DANDRIDGE STREET**
      **TUCKERMAN AR  72473**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DANIELLE A. BURNS**

Filed in said Court  **26th day of September, 2016** against

**JOHN CARROL BISHOP ET AL**

For Suit, said suit being numbered <u>**DC-16-12668,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas
                       **/s/ Marissa Pittman**
          By_____, Deputy
                  MARISSA PITTMAN



---

<u>**ESERVE**</u>

**CITATION**

DC-16-12668

**DANIELLE A BURNS**
vs.
**JOHN CARROL BISHOP, et al**

ISSUED THIS
**28th day of September, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  MARISSA PITTMAN, Deputy

**Attorney for Plaintiff**
JOSHUA A COHEN
12700 PARK CENTRAL DRVE
SUITE 1900
DALLAS TX  75251-1508
214-333-3333

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-16-12668

Court No.298th District Court

Style: DANIELLE A BURNS

vs.

JOHN CARROL BISHOP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

5

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:     **CAL-ARK INTERNATIONAL INC**
        **BY SERVING REGISTERED AGENT JUAN VIGIL**
        **14215 TRANSPORTATION AVENUE**
        **LAREDO TX 78040**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DANIELLE A. BURNS**

Filed in said Court  **26th day of September, 2016** against

**JOHN CARROL BISHOP ET AL**

For Suit, said suit being numbered **DC-16-12668,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By **/s/ Marissa Pittman**
_____, Deputy
        MARISSA PITTMAN



| ESERVE |
| --- |
| CITATION |
| DC-16-12668 |

**DANIELLE A. BURNS**
vs.
**JOHN CARROL BISHOP, et al**

ISSUED THIS
**28th day of September, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  MARISSA PITTMAN, Deputy

**Attorney for Plaintiff**
JOSHUA A COHEN
12700 PARK CENTRAL DRVE
SUITE 1900
DALLAS TX  75251-1508
214-333-3333

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. : DC-16-12668

Court No.298th District Court

Style: DANIELLE A BURNS

vs.

JOHN CARROL BISHOP, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
10/13/2016 7:30:49 PM
FELICIA PITRE
DISTRICT CLERK

Brandon Pettigrew
—

## CAUSE NO. DC-16-12668

| | | |
|---|---|---|
| DANIELLE A. BURNS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 298th JUDICIAL DISTRICT |
| | § | |
| JOHN CARROL BISHOP, | § | |
| CAL-ARK INTERNATIONAL, INC. and | § | |
| ARKANSAS EQUIPMENT LEASING, INC. § | | DALLAS COUNTY, TEXAS |

## RETURN OF SERVICE

Received by FIS:  September 29, 2016 at 5:15 o'clock P.M.

☒   Citation, Plaintiff's Original Petition and Request for Disclosure,

Executed on:  October _10_, 2016 at _3:30_  o'clock _P_ .M.

Executed at:  12024 Interstate 30, Little Rock, AR  72210 within the county of Pulaski by delivering to ARKANSAS EQUIPMENT LEASING, INC. BY DELIVERING TO _Vernon D. Nance_                WHOSE TITLE IS _President_                , in person, a true copy of the above specified civil process having first endorsed on such copy the date of delivery.


I am over the age of (18) eighteen years, not a party to this case, nor am I related to, employed by, or otherwise connected to any party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit.  I attest the foregoing instrument has been executed by me in this case pursuant to the Texas Rules of Civil Procedure and that I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.


Sworn to this _10th_ day of October 2016.

_Fred M Myers_
Process Server Signature

_Fred M Myers_ _#07Fm_
Printed Name, Certification/License, if applicable
ctroutz@fisinc.us


## VERIFICATION

THE STATE OF ARKANSAS

Before me, a notary public, on this day personally appeared the above name authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.  Given under my hand and seal on this the _16_ day of October 2016

_Marissa Mck_
Notary Public

COMM. EXP.
1-27-2025
No. 12402652
PULASKI
COUNTY
NOTARY PUBLIC - ARK

**6**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   ARKANSAS EQUIPMENT LEASING INC
      BY SERVING REGISTERED AGENT THOMAS W BARTHOLOMEW
      12024 HIGHWAY I-30
      MABELVALE AR 72103

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DANIELLE A. BURNS**

Filed in said Court **26th day of September, 2016** against

**JOHN CARROL BISHOP ET AL**

For Suit, said suit being numbered **DC-16-12668,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By **/s/ Marissa Pittman**_____, Deputy
        MARISSA PITTMAN



| ESERVE |
| --- |
| CITATION |
| DC-16-12668 |

**DANIELLE A BURNS**
**vs.**
**JOHN CARROL BISHOP, et al**

ISSUED THIS
**28th day of September, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  MARISSA PITTMAN, Deputy

**Attorney for Plaintiff**
JOSHUA A COHEN
12700 PARK CENTRAL DRVE
SUITE 1900
DALLAS TX 75251-1508
214-333-3333

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-16-12668

Court No.298th District Court

Style: DANIELLE A BURNS

vs.

JOHN CARROL BISHOP, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

7

FILED
DALLAS COUNTY
10/17/2016 3:30:45 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-12668

| | | |
|---|---|---|
| DANIELLE A. BURNS, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| JOHN CARROL BISHOP, | § | |
| CAL-ARK INTERNATIONAL, INC., and | § | |
| ARKANSAS EQUIPMENT LEASING, INC., | § | |
| *Defendants.* | § | 298TH JUDICIAL DISTRICT |

## DEFENDANTS CAL-ARK INTERNATIONAL, INC. AND ARKANSAS EQUIPMENT LEASING, INC.'S ORIGINAL ANSWER AND REQUESTS FOR DISCLOSURE

### TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Cal-Ark International, Inc. and Arkansas Equipment Leasing, Inc.,

Defendants herein, and file their Original Answer to Plaintiff's Original Petition, and in support

thereof would respectfully show unto this Honorable Court as follows:

## I.
## GENERAL DENIAL

Defendants deny each and every, all and singular, the allegations contained in Plaintiff's

Original Petition and demand strict proof thereof as authorized by Texas Rule of Civil Procedure

92.

## II.
## AFFIRMATIVE DEFENSE AS TO LOSS OF INCOME

By way of affirmative defense, Defendants would show that pursuant to §18.091 of the

Texas Rules of Civil Practice and Remedies Code, to the extent that Plaintiff is seeking recovery

of past and future lost wages, evidence of this loss must be presented by Plaintiff in the form of a

net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax

law.  Defendants further assert the protections contained in §18.091 of the Texas Rules of Civil

Practice and Remedies Code.

## III.
## REQUEST FOR DISCLOSURE

Under Texas Rule of Procedure 194, Defendants request that Plaintiff disclose, within

thirty (30) days of the service of this request, the information or material described in Rule 194.2

of the Texas Rules of Civil Procedure.

## IV.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED
## PURSUANT TO T.R.C.P. 193.7

Defendants place Plaintiff on notice that pursuant to TEX. R. CIV. P. 193.7, all documents

produced by Plaintiff in this litigation are authenticated for use against the producing party in

this case and maybe used as evidence during pre-trial procedures and at trial of this matter.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that upon final hearing

hereof, Plaintiff takes nothing by way of her cause of action herein, that Defendants recover their

costs herein expended and for such other and further relief, at law or in equity, to which

Defendants may show themselves justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By: _____ */s/ David L. Sargent* _____
     **DAVID L. SARGENT**
     State Bar No. 17648700
     david.sargent@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas  75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

ATTORNEYS FOR DEFENDANTS
CAL-ARK INTERNATIONAL, INC. and
ARKANSAS EQUIPMENT LEASING, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of October, 2016, a true and correct copy of the foregoing document was forwarded via facsimile to Joshua A. Cohen, Frenkel & Frenkel, 12700 Park Central Drive, Suite 1900, Dallas, Texas 75251-1508, counsel for Plaintiff.

       _____ */s/ David L. Sargent* _____
       **DAVID L. SARGENT**

**8**

FILED
DALLAS COUNTY
10/17/2016 3:30:45 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-12668

| | | |
|---|---|---|
| DANIELLE A. BURNS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| JOHN CARROL BISHOP, | § | |
| CAL-ARK INTERNATIONAL, INC., and | § | |
| ARKANSAS EQUIPMENT LEASING, INC., | § | |
| Defendants. | § | 298TH JUDICIAL DISTRICT |

## DEFENDANTS' REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Cal-Ark International, Inc. and Arkansas Equipment Leasing, Inc.,

Defendants herein, and request that a jury trial be held on said cause. A jury fee has been paid

by the Defendants.

Respectfully submitted,

SARGENT LAW, P.C.

By: _____/s/ David L. Sargent_____
DAVID L. SARGENT
State Bar No. 17648700
david.sargent@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

ATTORNEYS FOR DEFENDANTS
CAL-ARK INTERNATIONAL, INC. and
ARKANSAS EQUIPMENT LEASING, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of October, 2016, a true and correct copy of the foregoing document was forwarded via facsimile to Joshua A. Cohen, Frenkel & Frenkel, 12700 Park Central Drive, Suite 1900, Dallas, Texas 75251-1508, counsel for Plaintiff.

_____ */s/ David L. Sargent* _____
**DAVID L. SARGENT**

**9**

FILED
DALLAS COUNTY
11/2/2016 10:38:20 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-12668

| | | |
|---|---|---|
| DANIELLE A. BURNS,<br>　　　　*Plaintiff,*<br><br>VS.<br><br>JOHN CARROL BISHOP,<br>CAL-ARK INTERNATIONAL, INC., and<br>ARKANSAS EQUIPMENT LEASING, INC.,<br>　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>DALLAS COUNTY, TEXAS<br><br><br>298ᵀᴴ JUDICIAL DISTRICT |

## DEFENDANT JOHN CARROL BISHOP'S ORIGINAL ANSWER AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, John Carrol Bishop, Defendant herein, and files his Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

### II.
### AFFIRMATIVE DEFENSE AS TO LOSS OF INCOME

By way of affirmative defense, Defendant would show that pursuant to §18.091 of the Texas Rules of Civil Practice and Remedies Code, to the extent that Plaintiff is seeking recovery of past and future lost wages, evidence of this loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax

law.  Defendant further asserts the protections contained in §18.091 of the Texas Rules of Civil

Practice and Remedies Code.

## III.
## REQUEST FOR DISCLOSURE

Under Texas Rule of Procedure 194, Defendant requests that Plaintiff disclose, within

thirty (30) days of the service of this request, the information or material described in Rule 194.2

of the Texas Rules of Civil Procedure.

## IV.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED
## PURSUANT TO T.R.C.P. 193.7

Defendant places Plaintiff on notice that pursuant to TEX. R. CIV. P. 193.7, all documents

produced by Plaintiff in this litigation are authenticated for use against the producing party in

this case and maybe used as evidence during pre-trial procedures and at trial of this matter.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing

hereof, Plaintiff takes nothing by way of her cause of action herein, that Defendant recovers his

costs herein expended and for such other and further relief, at law or in equity, to which

Defendant may show himself justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:      */s/ David L. Sargent*
     **DAVID L. SARGENT**
     State Bar No. 17648700
     david.sargent@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas  75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

ATTORNEYS FOR DEFENDANT
JOHN CARROL BISHOP

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 2nd day of November, 2016, a true and correct copy

of the foregoing document was forwarded via facsimile to Joshua A. Cohen, Frenkel & Frenkel,

12700 Park Central Drive, Suite 1900, Dallas, Texas 75251-1508, counsel for Plaintiff.

       */s/ David L. Sargent*
       **DAVID L. SARGENT**